

FILED

**Jun 02, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | **WARRANT FOR ARREST** |
|---|---|
| PLAINTIFF, | |
| v. | ON COMPLAINT |
| RICARDO ERICK RODRIGUEZ RAMIREZ, | Case No.: 1:26-mj-00065-FJS |
| | CASE NO.   5:25-mj-00314 |
| DEFENDANT. | |

To:    UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest RICARDO ERICK RODRIGUEZ RAMIREZ and

bring him forthwith to the nearest Magistrate Judge to answer a complaint charging him with Illegal

Alien Found in the United States Following Deportation in violation of 8 U.S.C. §§ 1326(a), (b)(1).

REC:  BY AUSA       [Detention]

5/16/25

Date

HONORABLE SHASHI H. KEWALRAMANI

Signature of U.S. Magistrate Judge

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at (location): | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO

**WARRANT FOR ARREST ON COMPLAINT**                           Page 1 of 2

## ADDITIONAL DEFENDANT INFORMATION

| RACE: Hispanic | SEX: Male | HEIGHT: 5'07" | WEIGHT: 155 | HAIR: Black | EYES: Brown | OTHER: | |
|---|---|---|---|---|---|---|---|
| DATE OF BIRTH: 11/26/1996 | | PLACE OF BIRTH: Mexico | | SOCIAL SECURITY NO.: | | DRIVER'S LICENSE NO. | ISSUING STATE: |
| ALIASES: | | SCARS, TATTOOS OR OTHER DISTINGUISHING MARKS: | | | | | |
| AUTO YEAR: | AUTO MAKE: | AUTO MODEL: | | AUTO COLOR: | | AUTO LICENSE NO.: | ISSUING STATE |
| LAST KNOWN RESIDENCE: | | | | LAST KNOWN EMPLOYMENT: | | | |
| FBI NUMBER: 5H7H1CJWM | | | | | | | |
| ADDITIONAL INFORMATION: | | | | | | | |
| INVESTIGATIVE AGENCY NAME: DHS-ICE | | | | INVESTIGATIVE AGENCY ADDRESS: | | | |
| NOTES: | | | | | | | |

AO 91 (Rev. 11/11)  Criminal Complaint

| LODGED<br>CLERK, U.S. DISTRICT COURT<br><br>05/16/2025<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ____ AP ____ DEPUTY |
|---|

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

United States of America      )
              v.              )

Ricardo Erick Rodriguez Ramirez,      )      Case No.    5:25-mj-00314
                                         )
                                         )

                 )
_____ )
             *Defendant(s)*        )

[FILED CLERK, U.S. DISTRICT COURT — MAY 1  2025 — CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION  DC  DEPUTY]

## CRIMINAL COMPLAINT

     I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of     May 15, 2025     in the county of     San Bernardino     in the
   Central    District of     California     , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(1) | Illegal Alien Found in the United States Following Deportation or Removal |

     This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DHS-ICE Deportation Officer, Paola Ramos
*Printed name and title*

Sworn to before me and signed in my presence.

Date:     05/15/2025    

_____
*Judge's signature*

City and state:     Riverside, CA         Hon. Shashi H. Kewalramani, Magistrate Judge
                                                              *Printed name and title*

*AUSA:* Benjamin Weir

## AFFIDAVIT

I, Paola Ramos, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against RICARDO ERICK RODRIGUEZ RAMIREZ ("defendant") charging him with violating Title 8, United States Code, Section 1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation or Removal.

2.    The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER PAOLA RAMOS

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since May 2019.  I am currently assigned to the Los Angeles Enforcement and Removal Operations field office.  Before I became an ICE DO, I was employed by the United States Customs and Border Protection since March 2015.  I have experience

reviewing immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, processes, and proceedings.

III.  **TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES**

4.    Based on my training and experience and communication with other DHS employees, I know the following:

a.    Every person has a unique set of fingerprints.  I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints.  In many cases, the Department of Homeland Security ("DHS") and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

b.    Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file").  An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage.  That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that

2

person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

5.    Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

## IV. STATEMENT OF PROBABLE CAUSE

6.    On or about May 15, 2025, an ICE center responsible for vetting and researching the arrests of suspected foreign nationals received an electronic notification based on defendant's biometric fingerprint information that he was arrested by San Bernardino Sheriff's Department, within the Central District of California, for Assault with a Deadly Weapon With Force: Possible Great Bodily Injury, in violation of California Penal Code § 245(a)(4).  Defendant is currently in custody with San Bernardino Sheriff's Big Bear Lake Patrol Station.  Based on my training and experience, it is essential

3

to act quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, he may abscond or evade apprehension, particularly in light of his prior removals and unlawful reentry.  Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance.  Arrests in a controlled environment also reduce the need for high-risk operations in the community and minimize potential harm to the public.

7.    I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices.  I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

8.    On or about May 15, 2025, I reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices.  I learned the following about defendant's immigration history:

a.    Defendant is a citizen and national of Mexico.

b.    On or about November 21, 2017, defendant was ordered removed from the United States to Mexico.  On or about November 21, 2017, and October 21, 2022, defendant was physically removed from the United States to Mexico.

c.    Since defendant's most recent physical removal from the United States noted above, defendant was found in the

4

County of San Bernardino, in the Central District of California, on May 15, 2025, based on a DHS database notification.

d.   There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal.  Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

9.   On or about May 15, 2025, I have also reviewed a computerized printout of defendant's criminal history, which indicated that on or about March 21, 2022, defendant was convicted in Superior Court for the State of California, County of San Bernardino, for the offense of Send/Sell/Etc Obscene Matter: Minor, a felony, in violation of California Penal Code § 311.1(a), and sentenced to 180 days' jail.

//

//

//

5

## V.  CONCLUSION

10.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation.

_____
Paola Ramos, Deportation Officer
U.S. Immigration and Customs Enforcement

Subscribed to and sworn before me this 16th day of May, 2025.

_____
HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE